**Akhtar SHERAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Edward J. McElroy, District Director, Respondents.**

No. 02–4745–AG.

United States Court of Appeals, Second Circuit.

June 24, 2005.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Charles T. Hardin III, Assistant United States Attorney (Karin B. Hoppmann, Assistant United States Attorney; Paul I. Perez, United States Attorney of the Middle District of Florida, on the brief), Tampa, FL, for Respondents.

PRESENT: MINER, STRAUB, Circuit Judges, and KEENAN, District Judge.**

## SUMMARY ORDER

Petitioner Akhtar Sheraz ("Sheraz") seeks review of a final order of the Board of Immigration Appeals ("BIA"), dated October 12, 2002, denying a motion to reopen. We review the denial to reopen proceedings for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 55 (2d Cir.2005). We assume familiarity with the facts, procedural history, and issues on appeal, which we discuss to the extent necessary.

** The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

1. Sheraz had entered the United States with his wife, Tayyava Sheraz, who was issued an Order to Show Cause initiating deportation proceedings at the same time. Their proceedings were conducted together and they both moved to reopen their cases before the BIA, but only Akhtar Sheraz has brought this petition.

Sheraz is a citizen of Pakistan who entered the United States as a visitor on February 26, 1990. In January 1994, Sheraz applied for asylum and withholding of removal, claiming that he had suffered persecution based on his political activities in Pakistan in 1989 and that he feared persecution if he returned. On April 25, 1995, the Immigration and Naturalization Service ("INS") issued Sheraz an Order to Show Cause, initiating proceedings to deport him for entering the United States as a non-immigrant without a valid entry document.[1] During a preliminary hearing in December 1995, Sheraz admitted the grounds for deportation.

At his hearing on May 21, 1997, Sheraz withdrew his applications for asylum and withholding of removal with prejudice. It appears that he did so because his political party had gained power in Pakistan in February 1997. The Immigration Judge ("IJ") confirmed with Sheraz that the withdrawal "with prejudice" basically "precluded [him] from applying for political asylum in the future, at least insofar as anything has happened to [him] up until [the date of the withdrawal]."

At that point in the proceedings, however, Sheraz had also applied for suspension of deportation, pursuant to section 244(a) of the Immigration and Nationality Act of 1952 ("INA"), which was codified at 8 U.S.C. § 1254(a) and repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[2]

2. Pub.L. No. 104–208, Div. C., 110 Stat. 3009. Section 304(a) of IIRIRA eliminated suspension of deportation and replaced it with a new form of relief called cancellation of removal, which has stricter eligibility standards. *See id.* § 304(a)(3), 110 Stat. at 3009–587 (codified at 8 U.S.C. § 1229b). The elimination of suspension of deportation did not apply to aliens, such as Sheraz, who were already in deportation proceedings at the time of IIRIRA's enactment. *See Rojas–Reyes v. INS*, 235

To obtain suspension of deportation, Sheraz was required to show (1) continuous presence in the United States for seven years, (2) good moral character, and (3) extreme hardship to family members who were citizens or lawful permanent residents of the United States. 8 U.S.C. § 1254(a)(1) (Supp. II 1996). The IJ denied Sheraz's application for such relief based on *In re N–J–B*, 21 I. & N. Dec. 812 (BIA 1997), which held that, under transitional rules imposed by IIRIRA, an alien stops accruing time-in-residence for purposes of section 244(a) when served with the charging document initiating deportation proceedings. *See Rojas–Reyes v. INS*, 235 F.3d 115, 120–21 (2d Cir.2000) (explaining IIRIRA's transitional "stop time" rule for suspension of deportation relief, as well as subsequent immigration decisions and legislation on the "stop time" issue). The IJ thus found that Sheraz's time-in-residence was less than seven years, rendering him ineligible for suspension of deportation. Sheraz appealed to the BIA with respect to the suspension of deportation issue. On June 9, 1999, the BIA dismissed his appeal. Sheraz did not file a petition for review of that decision in this Court.

On July 24, 2002, Sheraz filed a motion to reopen with the BIA, pursuant to then-existing 8 C.F.R. § 3.2 (2002).[3] The motion requested that Sheraz be allowed to apply for asylum and withholding of removal and relief under the Convention Against Torture based on changed circumstances arising in Pakistan. On October 15, 2002, the BIA denied the motion to reopen as untimely because it was filed more than ninety days after the BIA's prior dismissal of Sheraz's appeal and be-cause Sheraz had "not demonstrated eligibility for any exceptions to the time and number restrictions at 8 C.F.R. § 3.2(c) (2002)." In a footnote, the BIA stated that Sheraz had not "demonstrated eligibility for the exception to apply or reapply for asylum ... based on changed circumstances arising in the country of nationality based on the assertions in [his] motion and the accompanying materials."

Sheraz timely filed a petition for review from that decision with this Court and raises two primary issues. First, Sheraz contends that the BIA abused its discretion in denying the motion to reopen with respect to the asylum petition. Second, Sheraz attempts to use the petition for review to challenge the underlying 1999 removal order, that is, Sheraz argues that IIRIRA's "stop time" provisions should not have been applied to him and that he is entitled to a hearing on his application for suspension of deportation.

■ First, with respect to the asylum application, we find that the BIA did not exceed its allowable discretion in denying the motion to reopen. Under 8 C.F.R. § 3.2 (2002), an alien was required to file a motion to reopen within ninety days of the final administrative order closing the proceedings, *id.* § 3.2(c)(2), except that the time limitation would not apply where the alien seeks "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," *id.* § 3.2(c)(3)(ii).[4] For new evidence to be "material," the applicant must show that it "would likely change" the outcome of the

F.3d 115, 120 (2d Cir.2000) (explaining IIRIRA's effect on suspension of deportation).

3. That provision has been re-codified as 8 C.F.R. § 1003.2.

4. *See also* 8 U.S.C. § 1229a(c)(6)(i), (ii) (Supp.

proceedings if they were reopened. *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992) (stating that where underlying relief sought is discretionary, movant has a "heavy burden" in showing that new evidence would affect the result of the proceedings); *see also In re J–J*, 21 I. & N. Dec. 976, 980–82 (BIA 1997).

We recognize that the BIA's one-page decision is somewhat conclusory and that denying a motion to reopen based on only summary or conclusory statements may, in some cases, constitute abuse of discretion. *See Twum*, 411 F.3d at 55. In this case, however, Sheraz's motion to reopen is itself rather conclusory. The only previously unavailable evidence attached to the motion is a State Department Country Report, released in March 2002, which discusses the conditions in Pakistan in 2001. The report covers the primary "changed circumstance" in the country: General Pervez Musharraf's bloodless coup in October 1999 ousting former Prime Minister Nawaz Sharif, who had led the political party with which Sheraz was affiliated. But the motion to reopen does not expressly refer to any findings in the Country Report and does not describe why the Report shows that Sheraz has a reasonable fear of persecution if he returns to Pakistan. As the Supreme Court has explained, the BIA has a strong interest in the finality of its proceedings and "[m]otions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116

L.Ed.2d 823 (1992); *see also INS v. Abudu*, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Under the circumstances and even taking the Country Report into account, Sheraz has not made a sufficient showing that he would be entitled to asylum if the proceedings were reopened. We thus cannot find that it was an abuse of discretion to deny the motion to reopen based on the asylum application.

 Second, Sheraz attempts to use this petition for review of the motion to reopen as a vehicle to attack the underlying removal order and the denial of his application for suspension of deportation. Sheraz did not file a petition for review of the BIA's 1999 removal order. We thus have no jurisdiction to consider his claims that the IJ and BIA erred or violated his due process rights in the underlying removal proceedings by denying him relief under former INA section 244(a). *See Zhao v. United States*, 265 F.3d 83, 90 (2d Cir. 2001) (explaining that "we are precluded from passing on the merits of the underlying [removal] proceedings" on a petition for review of the denial of a motion to reopen); *see also Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

We have considered all of Sheraz's arguments and find them to be without merit. For the foregoing reasons, petition for review is denied.

II 2002) (providing that motions to reopen shall be filed within ninety days of a final order of removal, except that there is no time limitation where the motion is to apply for asylum "based on changed country conditions . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"); 8

C.F.R. § 208.4(a)(2), (4) (2002) (providing that asylum applications must be filed within one year of entry into the United States, except that applications based on "changed circumstances" "materially affecting the applicant's eligibility for asylum" may be filed "within a reasonable period given those 'changed circumstances'").